UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

INJAH TAFARI,

                Petitioner,

     -vs-

DAVID A. ROCK, Superintendent,

                Respondent.

**No. 11-CV-0057(MAT)**
**ORDER**

---

## I. Background

Injah Tafari ("Tafari"), an inmate at Upstate Correctional Facility, filed a pleading in the Northern District of New York captioned "Petition for a Writ of Habeas Corpus", seeking to overturn and expunge nine disciplinary rulings in 2002 and 2003 imposing confinement in the special housing unit, keeplock, and loss of privileges.[1] The petition was transferred to this Court on January 21, 2011.

On August 23, 2011, the Court (Larimer, D.J.) issued an order denying Tafari's application to proceed in forma pauperis ("IFP") without prejudice and directing him to show cause why the petition should not be re-characterized as a civil action under 42 U.S.C. § 1983. See Dkt. #7. On August 30, 2011, Tafari filed a response, stating in conclusory terms that his pleading in fact was properly characterized as a habeas petition. See Dkt. #8. He again sought

---

[1] Tafari failed to provide any citations to the relevant state court appellate decisions affirming the outcomes of the disciplinary proceedings that he challenges.

leave to proceed as a poor person, asserting that the "three strikes" provision of the Prison Litigation Reform Act ("PLRA") did not apply because he was seeking habeas relief. See id.

On January 17, 2012, Tafari filed a motion to convert his petition into a complaint pursuant to 42 U.S.C. § 1983, and requested "15 days to draft up the complaint[ ]" "so that the defendants could be served properly herein." Motion to Convert Petition ("Mot. to Convert") at 1 (Dkt. #9). Tafari also requested that the within action be consolidated with the petition pending in Tafari v. Rock, 1:10-CV-0729 (W.D.N.Y.), which he also requested be re-characterized as a § 1983 complaint. Id. at 1-2. Finally, Tafari requested that this matter and 1:10-CV-0729 be consolidated with Tafari v. Rock, 1:11-CV-0217(MAT) (W.D.N.Y.), another self-styled § 2254 habeas petition which is also pending in this Court.

For the reasons that follow, Tafari's motion for IFP status is denied. If Tafari wishes to proceed with this matter as a § 1983 action, he is ordered to remit the filing fee of $350 to the Clerk of the District Court within twenty (20) days. Tafari is also ordered to show cause within twenty (20) days as to why the complaint is not barred by the three-year statute of limitations applicable to § 1983 actions. The Court reserves decision on Tafari's motions to consolidate until he pays the filing fee.

**II.   In Forma Pauperis Application**

As amended by the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915 allows indigent prisoners to enter into a structured payment plan with regard to the filing fees. See 28 U.S.C. § 1915(b). Section 1915(g) denies this option to "frequent filers", like Tafari, who have repeatedly instituted lawsuits that have been dismissed as frivolous, malicious, or lacking an arguable basis in law or fact. See 28 U.S.C. § 1915(g). Tafari has had at least four federal actions or appeals dismissed for these reasons prior to instituting the present case. See Tafari v. Aidala, No. 1:00-CV-405 (W.D.N.Y. Sept. 28, 2001) (dismissing complaint with prejudice for failure to state claim, and certifying that any appeal would not be taken in good faith); Tafari v. Aidala, No. 01-0279 (2d Cir. Apr. 5, 2002) (dismissing appeal from Tafari v. Aidala, 1:00-CV-0405 (W.D.N.Y. Sept. 28, 2001, as frivolous); Tafari v. France, No. 06-1876 (2d Cir. Nov. 2, 2006) (dismissing appeal from Tafari v. France, 1:01-CV-0011 (W.D.N.Y. Mar. 10, 2006, as frivolous); Tafari v. Stein, 09-0710-pr(L), 09-2288-pr (Con.) (2d Cir. Nov. 13, 2009) (dismissing appeal from Tafari v. Stein, 1:01-CV-0841 (W.D.N.Y. Feb. 12, 2009), as lacking an arguable basis in law or fact).

Pursuant to 28 U.S.C. § 1915(g), Tafari's application for in forma pauperis status must be denied unless he can demonstrate that he is in "imminent danger". Tafari has not made such an allegation,

and indeed his pleadings contain no suggestion that this is the case. His application to proceed in forma pauperis is therefore denied with prejudice.

### III. Statute of Limitations

The United States Congress has not set forth a federal statute of limitations for actions pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3), and therefore this Court must borrow the most analogous state law statute of limitations, provided that the period is not inconsistent with federal law. See 42 U.S.C. § 1988; Board of Regents v. Tomanio, 446 U.S. 478, 484–485 (1980). The Second Circuit has held that for § 1983 actions, the applicable limitations period is found in the state statute of limitations for personal injury actions. Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) (citing Owens v. Okure, 488 U.S. 235, 249-50 (1989)); accord Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). Accordingly, New York's three-year statute of limitations for "an action to recover damages for a personal injury," New York Civil Practice Law and Rules § 214(5), governs § 1983 actions in New York. Ormiston, 117 F.3d at 71.

"Courts in this District have generally set the accrual date for procedural Due Process claims related to disciplinary hearings either at the date of the disciplinary hearing or at the date the prisoner's final administrative appeal is decided." Williams v. Roberts, 2011 WL 7468636, at *5 (N.D.N.Y. Dec. 15, 2011) (citing,

inter alia, Odom v. Calero, No. 06 Civ. 15527(LAK)(GWG), 2008 WL 449677, at *6–7 (S.D.N.Y. Feb. 19, 2008); see also Lenihan v. Keane, No. 93 Civ. 8914 (MGC), 1995 WL 28513 at *2 (S.D.N.Y. Jan. 25, 1995) (holding that § 1983 action in which prisoner alleged denial of due process in connection with a disciplinary hearing accrued on the day of his disciplinary hearing; claim was dismissed as time-barred); McCoy v. Coughlin, No. 90 Civ. 6657 (JSM), 1991 WL 130939, at *3 & n.8 (S.D.N.Y. July 10, 1991) (holding that due process claim accrued as of date that prisoner was found guilty of violation charged and disciplinary report was rendered; claim dismissed). In this case, the dates of Tafari's allegedly unconstitutional disciplinary hearings were as follows: September 20, 2002; November 20, 2002; May 15, 2003; May 20, 2003; May 26, 2003; July 22, 2003; July 23, 2003; September 16, 2003; and September 3, 2003. See Petitioner's Memorandum of Law at 2, ¶1 (Dkt. #1). It therefore appears that this action is untimely under the applicable three-year statute of limitations.

The Second Circuit has frowned upon the sua sponte dismissal of a pro se litigant's complaint on untimeliness grounds without giving the litigant notice and an opportunity to be heard. Abbas v. Dixon, 480 F.3d 636, 640 (2d Cir. 2007) ("The pleading requirements in the Federal Rules of Civil Procedure, however, do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in

avoidance of such defenses.") (citing Jones v. Bock, 549 U.S. 199 (2007) (holding that 28 U.S.C. § 1915A does not require prisoners affirmatively to plead that they have exhausted their administrative remedies)). In light of Abbas, the Court hereby gives notice to Tafari that his complaint is subject to dismissal on the basis of untimeliness unless he can demonstrate that he is entitled to tolling of the statute of limitations for each of the disciplinary rulings. See Abbas, 480 F.3d at 640.

**V. Conclusion**

For the foregoing reasons, Tafari's motion (Dkt. #9) to have his petition (Dkt. #1) re-characterized as a complaint pursuant to 42 U.S.C. § 1983 is **granted**. Tafari's application to proceed in forma pauperis (Dkt. #2) is **denied with prejudice**.

Tafari is ordered to submit a pleading **within twenty (20) days** establishing that the complaint is timely as to each of the disciplinary rulings that he challenges. If any of the claims are untimely under the applicable three-year statute of limitations, he must show that he is entitled to tolling of the limitations period as to each of the disciplinary rulings.

Tafari is **ordered** to pay the $350 filing fee the next time he files **any** pleading in this Court. **If Tafari fails to pay the $350 filing fee when he responds to this order, the Court will dismiss the complaint (Dkt. #1) in its entirety with prejudice for failure**

**to prosecute and for Tafari's wilful disregard of an order of this Court. See FED. R. CIV. P. 41(b).**

The Court reserves decision on Tafari's motions to consolidate asserted in the complaint (Dkt. #1) until Tafari pays the filing fee and responds to this order which, as noted above, is due **within twenty (20) days.**

**ALL OF THE ABOVE IS SO ORDERED.**

                                      **S/Michael A. Telesca**

                                      Honorable Michael A. Telesca
                                      United States District Judge

DATED: Rochester, New York
       April 24, 2012